# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES R. TAYLOR, SR.,**

       **Plaintiff,**

**-vs-**                                       **Case No. 6:00-cv-442-Orl-22KRS**

**JO ANNE B. BARNHART, Commissioner,**
**Social Security Administration,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PETITION FOR AUTHORIZATION FOR PLAINTIFF'S ATTORNEY TO CHARGE A REASONABLE FEE (Doc. No. 31)
>
> **FILED:** January 4, 2005
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Richard Culbertson, counsel for Plaintiff James R. Taylor, Sr., seeks permission to charge Taylor an additional[1] fee for representation before the Court pursuant to 42 U.S.C. § 406(b). Section 406(b)(1)(A) provides, in relevant part, as follows:

---

[1] Taylor was already awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Doc. No. 29. The additional fee is sought under a contingency fee agreement entered into between Taylor and Culbertson.

> Whenever *a court renders a judgment favorable to a claimant* . . . who was represented before the court by an attorney, the court may determine and allow *as part of its judgment* a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits *to which the claimant is entitled by reason of such judgment* . . . .

(emphasis added).

The petition is due to be denied because (1) an award of attorney's fees is not authorized by 42 U.S.C. § 406(b) under the present circumstances; (2) attorney's fees were not included as part of the Court's judgment in this case; and (3) the motion was not timely filed.

## I. PROCEDURAL HISTORY.

On October 29, 1997, Taylor filed an application with the Social Security Administration (SSA) for disability benefits. *See* doc. no. 1. Taylor's claim was denied initially and on reconsideration, after which he requested an administrative hearing. At the hearing, the administrative law judge (ALJ) concluded that he did not have jurisdiction to consider Taylor's Supplemental Security Income (SSI) claim because Taylor had not filed an application for SSI benefits with the SSA. *See* Doc. No. 24. As for Taylor's Old Age, Survivor Disability Insurance (OASDI) claim, the ALJ found that Taylor was not disabled because he could return to his past relevant work. *Id*.

Taylor then filed a complaint in this Court seeking review of the final decision of the Commissioner, which he alleged denied him both OASDI and SSI benefits. Doc. No. 1. Taylor entered into a contingency fee agreement with Mr. Culbertson that provided for payment of a reasonable attorney fee not in excess of 25 percent of the total of the past-due benefits to which he became entitled by reason of a favorable judgment rendered by the Court. Doc. No. 31 ex. B.

Instead of filing a memorandum of law, the Commissioner moved to remand the case under sentence four of 42 U.S.C. § 405(g). Doc. No. 13. Taylor neither opposed the motion nor requested that the judgment include an award of attorney's fees, in the event that he was found to be entitled to past-due benefits during the proceedings on remand.

On September 21, 2000, the presiding District Judge, the Honorable Anne C. Conway, entered an order granting the motion, and the case was remanded to the Commissioner for further proceedings. Doc. No. 14. The Order provides, in relevant part, as follows:

> [This case is remanded] [f]or an Administrative Law Judge (ALJ) to apply regulation 20 C.F.R. § 416.351 and POMS SI 00601.035-3 to adjudicate claimant's application for SSI benefits if an application has been filed. If an application for SSI benefits has been filed, the ALJ will adjudicate both the application for SSI benefits and the application for disability insurance benefits and issue a new decision.

*Id*. A final judgment remanding the case was entered on September 21, 2000. Doc. No. 15. The final judgment states as follows: "[T]he decision of the Commissioner is hereby reversed under *sentence four* of 42 U.S.C. § 405(g) and this case is hereby remanded to the Commissioner of Social Security." Doc. No. 15 (emphasis added).

Shortly thereafter, Taylor filed a petition for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. No. 16. The presiding District Judge entered an Order denying Taylor's petition on the grounds that the Commissioner's position was substantially justified. Doc. No. 26.

Taylor appealed this Court's ruling on his petition for EAJA fees to the United States Court of Appeals for the Eleventh Circuit. Doc. No. 27. On September 28, 2001, the parties entered into a Joint Stipulation, whereby the Commissioner agreed that Taylor was entitled to an award of

attorney's fees under the EAJA in the amount of $4,000.00.  Doc. No. 29.  The appeal was subsequently dismissed.  Doc. No. 30.

On August 9, 2004, an ALJ entered a partially favorable decision awarding Taylor disability benefits.  Doc. No. 34 ex. A.  On September 5, 2004, the Commissioner issued an incorrect notice of award.  Doc. No. 34 ex. B.  On December 5, 2004, the Commissioner issued a corrected notice of award indicating that Taylor was entitled to $60,593.00 in past-due benefits as a result of his disability.  Doc. No. 31 ex. C.  This amount did not include $5,300.00 that the SSA had already withheld from Taylor's past-due benefits to pay Mr. Culbertson for representing Taylor before the Commissioner.[2]  Doc. No. 34 ex. B.

On January 4, 2005, Culbertson filed his petition for authorization to charge a reasonable fee, in the amount of $3,000.00, for representation before this Court pursuant to 42 U.S.C. § 406(b).  Doc. No. 31. [3]

On January 27, 2005, I entered an Order to Show Cause requiring the parties to submit memoranda of law addressing whether the Court has authority under 42 U.S.C. § 406(b) to entertain the petition and, if so, whether it was timely filed.  Doc. No. 32.  Both Culbertson and the Commissioner responded to the Order to Show Cause.  Doc. Nos. 33 & 34.

---

[2] It is unclear whether the SSA withheld an additional amount from Taylor's past-due benefits after it issued the corrected notice of award.

[3] Mr. Culbertson states that his client has agreed to this amount.  *Id*.

-4-

**II.     ANALYSIS.**

   A.     *The Court Does Not Have Authority to Award Attorney's Fees Under 42 U.S.C. § 406(b) Under the Circumstances of This Case.*

When presiding over an appeal from a final decision of the Commissioner denying disability benefits, a district court may remand the case to the SSA under two circumstances.

> The fourth sentence of [42 U.S.C. §] 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing . . . .
>
> The sixth sentence of 405(g) . . . describes an entirely different kind of remand . . . . The district court does not affirm, modify, or reverse the Secretary's decision . . . . Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceedings and that evidence might have changed the outcome of the prior proceeding. . . . The statute provides that following a sentence six remand, the Secretary must return to the district court to file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (internal citations and quotation marks omitted). "Immediate entry of judgment . . . is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). When, as here, a district court enters a judgment remanding the case to the Commissioner for further proceedings on the merits pursuant to sentence four, the court loses jurisdiction over the case. *Id.* at 296-97.

The present motion concerns, among other things, the proper interpretation of 42 U.S.C. § 406(b). "In construing a statute [the Court] must begin, and often should end as well, with the language of the statute itself." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997).

Section 406(b) permits the Court to allow "as part of its judgment" a reasonable fee not to exceed 25% of the past-due benefits "to which the claimant is entitled by reason of such judgment."[4] The language of the statute is unambiguous. In order for a court to award fees under section 406(b), the court's judgment must (1) entitle the claimant to an award of past-due benefits, and (2) include an award of attorney's fees under section 406(b). *See Hill v. Barnhart*, Case No. 99-CV-1090-M (N.D. Okla. Feb. 9, 2005) (copy attached).

In the present case, the judgment that was entered remanded the case, without directing the Commissioner to award benefits to Taylor.[5] Therefore, Taylor was not entitled to past-due benefits by reason of the judgment. Furthermore, the judgment did not include an award of

---

[4] Pursuant to sentence four of 42 U.S.C. § 405(g), the court may reverse the decision of the Commissioner and enter an order directing the SSA to award disability benefits, if the evidence establishes without any doubt that the claimant was disabled. *Bowen v. Heckler*, 748 F.2d 629, 636-37 (11th Cir. 1984).

[5] As noted above, this judgment was a final order, after which the Court was divested of jurisdiction. *Schaefer*, 509 U.S. at 297. It is not proper for the Court to "retain jurisdiction" after issuing a remand order under sentence four of 42 U.S.C. § 405(g) by withholding issuance of a judgment until the administrative proceedings are completed. *Id.* at 299. However, it appears that a court may, by local rule, establish a time after entry of final judgment in which a petition for attorney's fees may be filed, at least when the petition is collateral and independent of the merits of the case. *See White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 454 (1982) (stating, in dictum, that "district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees."). I note that *White* was decided prior to the adoption of the fourteen-day time limit for filing an attorney's fee petition contained in Fed. R. Civ. P. 54(d)(2)(B). As discussed *infra*, even if the Court is authorized to award fees in this case pursuant to 42 U.S.C. § 406(b), the petition was not timely filed under Rule 54 and the local rules of this Court.

attorney's fees under section 406(b). Thus, the statute does not permit an award of attorney's fees under section 406(b) under the circumstances of this case.[6]

Despite the clear language of the statute, however, courts are divided on whether attorney's fees can be awarded under section 406(b) after a judgment is entered under sentence four of 42 U.S.C. § 405(g), when the judgment reverses and remands the case for further proceedings on the merits without directing the Commissioner to award benefits to the claimant.[7] *See Durant v. Chater*, 906 F. Supp. 706, 713 (D. Mass. 1995)(declining to assume authority to award attorney's fees under 42 U.S.C. § 406(b) on remand to the Commissioner for further proceedings on the merits); *Elliot v. Gardner*, 279 F. Supp. 875 (N.D. Ohio 1967) ("Title 42 U.S.C. § 406(b)(1) . . . in using the term 'a judgment favorable to the claimant' refers to a judgment on the merits of the controversy."); *Duke v. Gardner*, 264 F. Supp. 187 (N.D. Ga. 1967) (holding that 42 U.S.C. § 406(b) does not apply unless the Court renders a judgment awarding claimant past-due benefits);

---

[6] In *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002), the United States Supreme Court discussed the standard to be used in considering an attorney's fee petition under 42 U.S.C. § 406(b). The Court did not discuss the timeliness of the petition. The brief of the petitioner reflects, however, that the district court awarded benefits to each claimant. Brief for Petitioners, 2002 WL 100406 (Jan. 12, 2002). Therefore, *Gisbrecht* did not present the question of whether a court may award fees under section 406(b) if it remands a case under sentence four of section 405(g) for further proceedings on the merits, without awarding benefits to the claimant.

[7] Most of these cases were decided before the United States Supreme Court decided *Melkoyan* and *Schaefer*. These Supreme Court decisions made clear that a judgment remanding a case under sentence four of 42 U.S.C. § 405(g) was a final judgment, which was not the view of many of the courts who issued decisions before *Melkoyan* and *Schaefer*. Moreover, as noted in *Durant v. Chater*, 906 F. Supp. 706, 713 (D. Mass. 1995), before *Melkoyan* and *Schaefer*, courts reasoned that an attorney could not collect fees for work before the court if the court did not permit a post-judgment application for fees under 42 U.S.C. § 406(b). After the Supreme Court held in *Melkoyan* and *Schaefer* that a sentence-four remand order for further proceedings was a final judgment for purposes of the EAJA, however, the earlier rationale no longer applied. *Id.*

*Haley v. Gardner*, 259 F. Supp. 30, 31 (N.D. Okla. 1966) ("The Court further finds that this court has not rendered a judgment favorable to claimant, but that the Appeals Council, on remand, had rendered a judgment favorable to claimant."); *but see Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir. 1986) ("When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."); *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967) ("We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who ultimately honors the claim for benefits."); *Oddi v. Comm'r of Soc. Sec.*, No. 6:02-cv-1412-ORL-DAB, doc. no. 30 (M.D. Fla. 2004)(reserving jurisdiction to consider a petition for attorney's fees to be filed no later than thirty days after a final determination of entitlement to and amount of past-due benefits); *Vasquez v. Sec'y of Health and Human Servs.*, 608 F. Supp. 346, 348 (D.P.R. 1985) (following *Conner*). The United States Court of Appeals for the Eleventh Circuit has yet to opine on this issue. *Cf. Dawson v. Finch*, 425 F.2d 1192, 1194 n.4 (5th Cir. 1970) ("We need not and do not reach the Secretary's contention that under 42 U.S.C.A. 406(b) a court may not allow attorney's fees unless it renders a judgment on the merits favorable to the Claimant.").[8]

In the absence of controlling authority, and in light of the unambiguous language of the statute, I recommend that the Court conclude that 42 U.S.C. § 406(b) does not permit an award of

---

[8] Taylor argues that the decision of this Court in *Bethel v. Comm'r of Soc. Sec.*, No. 6:00-cv-01661-18KRS (M.D. Fla. 2004), is authority supporting an award of attorney's fees in this case. I note that in *Bethel* the parties did not raise, and the Court did not address, the questions of whether the petition for attorney's fees under 42 U.S.C. § 406(b) was authorized or whether it was timely filed. Because the court did not consider these issues, the decision provides no support for Taylor's petition.

attorney's fees in this instance because Taylor was not entitled to past-due benefits "by reason of [the Court's] judgment," and payment of a reasonable attorney's fee was not included as "part of [the Court's] judgment."

      B.    *The Petition Was Not Timely Filed.*

Assuming, alternatively, that 42 U.S.C. § 406(b) permits the Court to award attorney's fees under the circumstances of this case, the Petition for Authorization for Plaintiff's Attorney To Charge a Reasonable Fee was not timely filed. Fed. R. Civ. P. 54(d)(2)(B) and Middle District of Florida Local Rule 4.18 both provide that a motion for an award of attorney's fees must be filed "no later than 14 days after entry of judgment." Final judgment was entered in this case on September 21, 2000. Taylor's attorney did not file his petition for authorization to charge a reasonable fee until January 4, 2005, more than four years after entry of judgment. Taylor's attorney did not request an extension of time for filing the petition within fourteen days after judgment was entered. Counsel's argument that he was not required to file his petition within the fourteen-day time limit set forth in the rules because he is merely requesting authorization to charge a reasonable fee as opposed to requesting an award of attorney's fees is little more than an exercise in semantics.

In addition, the petition was not filed within fourteen days after the award of past-due benefits by the Commissioner. The corrected notice of award was issued on December 5, 2004. The petition for an award of attorney's fees was not file until January 4, 2005. Thus, even if the date on which past-due benefits were awarded, rather than the date judgment was entered, triggered the fourteen-day filing requirement, the petition in this case was not timely filed.

### III. RECOMMENDATION.

For the reasons set forth herein, I respectfully recommend that the Court **DENY** the Petition for Authorization for Plaintiff's Attorney To Charge a Reasonable Fee (Doc. No. 31).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 16, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy